UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JULIO KENYER ABACHE-GONZALEZ (A-Number: 245-362-641),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-03884-KES-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO ENFORCE (DOC. [14]) AND MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. [15])

**Deadline to File Objections – Oct. 5, 2026**

Petitioner Julio Kenyer Abache-Gonzalez, a federal immigration detainee, initiated this action on May 19, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner is in custody of the U.S. Immigration and Customs Enforcement ("ICE") at the California City Detention Facility. *Id.* at 1-2.

On June 8, 2026, the Court granted the writ of habeas corpus and ordered the government to provide Petitioner with a bond hearing. (Doc. 11).

On September 10, 2026, Petitioner filed a "Motion to Enforce Judgment" (Doc. 14) and an "Ex Parte Motion for Temporary Restraining Order [hereinafter, 'TRO']" (Doc. 15). In the motion to enforce, Petitioner acknowledges that he was afforded a bond hearing before an immigration judge ("IJ") on an unidentified date but asserts without further specificity that the bond hearing "did not comply with this Court's order or protect Petitioner's due process rights." (Doc. 14 at 2).

He requests that the Court appoint him counsel and direct Respondent to "file a transcript of the bond hearing." *Id.* In his motion for TRO, Petitioner argues that he has been detained for six months and that "[t]he DHS and Immigration Judges have denied me right to a bond hearing on grounds of 'No Jurisdiction' based on the mandatory detention of 8 U.S.C. § 1225(b)." (Doc. 15 at 2). He further argues that "DHS refuses to hold a judicial review of my detention or to provide a bond hearing before a neutral decision maker in which an Immigration Judge can grant bond." *Id.* at 7. Petitioner sets forth no facts in support of his allegations or otherwise reconciles how, in his motion to enforce, he concedes that he received a bond hearing while simultaneously alleging in his motion for TRO that he has been denied a bond hearing.

**I. <u>Governing Authority</u>**

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020); *e.g.*, *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an IJ "erred by applying the wrong burden of proof"); *e.g., Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) ("[T]he Court's analysis [on a motion to enforce judgment] is grounded in the legal standard for reviewing IJ detention determinations."). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but instead determining whether the IJ "applied the correct legal standard." *See Martinez*, 124 F.4th at 785 (citation omitted).

**II. <u>Discussion</u>**

Although, as set forth above, the Court retains jurisdiction to determine whether the government complied with its earlier grant of the writ of habeas corpus and its order to provide Petitioner with a bond hearing, the undersigned will recommend that the Court deny Petitioner's motions. Petitioner has alleged no facts in support of his claim that the bond hearing failed to comply with the Court's order and/or was constitutionally defective. Rule 2(c) of the Rules

Governing § 2254 Cases (which are applicable in this habeas proceeding brought pursuant to § 2241)[1] requires a petition to "state the facts supporting each ground" for relief. Although pro se habeas corpus petitions are to be liberally construed (*see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague or conclusory are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Because Petitioner alleges no facts about what occurred at the bond hearing and why the proceedings were constitutionally defective, his conclusory assertions that the proceedings failed to comply with the Court's order requiring the government to undertake a bond hearing and that the bond hearing failed to comply with the Due Process Clause of the Fifth Amendment are inadequate to state a claim. For the same reason, he is not entitled to a temporary restraining order because he fails to demonstrate that he is likely to prevail on the merits of his claims given his irreconcilable allegations, on the one hand, that he was provided a bond hearing, while asserting, on the other hand, that he was denied a bond hearing. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (holding that a showing of likely success on the merits of movant's claim "is a threshold inquiry and is the most important factor" in determining entitlement to emergency injunctive relief and that a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits) (internal quotation marks and citations omitted).

## III. <u>Conclusion and Order</u>

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's motion to enforce (Doc. 14) and motion for temporary restraining order (Doc. 15) be DENIED.

---

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by [28 U.S.C. § 2254]."); *Lane v. Feather*, 584 Fed. Appx. 843, 843 (9th Cir. 2014) ("the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant [§ 2241] petition") (citing Rule 1(b)). Judges of this Court routinely apply the Rules Governing § 2254 Cases, including specifically Rule 2(c) and its pleading standard, in § 2241 cases. *E.g.*, *Huasica v. Warden*, No. 2:23-cv-02271-CKD P, 2023 WL 8092462, at *1 (E.D. Cal. Nov. 21, 2023); *Robinson v. Warden*, No. 1:22-cv-0169-CDB (HC), 2023 WL 373378, at *1 (E.D. Cal. Jan. 24, 2023); *Tang v. ICE, Enforcement and Removal Operation*, No. 1:12-cv-02073-BAM-HC, 2013 WL 129401, at *1 (E.D. Cal. Jan. 9, 2013).

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages exceeding the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 21, 2026**

UNITED STATES MAGISTRATE JUDGE